UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
EUSEBIUS JACKSON :
:
on behalf of himself and all others : CASE NO. 1:08-CV-2791
similarly situated :
:
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 37.]
PAPA JOHN'S USA, INC., *et al.* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jackson and Defendants Papa John's International and Papa John's USA (collectively, "Defendants") jointly move this Court for a confidentiality order to limit the disclosure of materials the parties mark as confidential. [Doc. 37.]

The parties ask this court for a protective order to prevent the disclosure of documents the parties mark as confidential. In their proposed protective order, the parties would be permitted to designate any of the following documents as confidential:

> (a) information contained in the personnel and related files of any person (excluding their names, contact information, and time and earnings records); (b) documents that contain proprietary, financial or trade secret information of any person or entity; (c) medical, psychological and/or mental health counseling records of any person; and (d) *such other documents that the parties shall, from time to hereafter, deem confidential*.

-1-

Case No. 1:08-2791
Gwin, J.

[Doc. 37 at 5 (emphasis added).]

In resolving this motion, this Court must balance the parties' interest in maintaining confidentiality on disclosed documents and the public's interest in an open court system.

## II. Confidentiality Order Legal Standard

The Federal Rules of Civil Procedure vest a trial court with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . " upon a showing of good cause. FED. R. CIV. P. 26(c). A trial court can, in its sound discretion, grant a motion for a protective order. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

In deciding whether to grant a protective order, a district court must balance the parties' competing interests and compare the hardships of granting or denying the request. *York v. Am. Med. Sys., Inc.,* No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998). The movant bears the burden of demonstrating that the balancing of hardships weighs in his favor. *Nix v. Sword*, 11 Fed. Appx 498, 500 (6th Cir. 2001).

When deciding whether to grant a protective order, a district court must also remain aware that its discretion to issue protective orders is "limited by the careful dictates of [Federal Rule of Civil Procedure] 26 and 'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble*, 78 F.3d at 227 (citing *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Brown & Williamson.* 710 F.2d at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See, e.g. In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Case No. 1:08-2791
Gwin, J.

Even if the parties agree to the terms of a protective order, the district court should not permit them "to adjudicate their own case based upon their own self-interest. This is a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*." *Procter & Gamble*, 78 F.3d at 227. The district court "cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public. It certainly should not turn this function over to the parties . . . ." *Id.*; *see also Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

To prevail on a request to seal information in a court's records, the movant must therefore make a specific showing that disclosure of the information would result in serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001).; *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Fed. Trade Comm'n v. Standard Mgt. Corp.*, 830 F.2d 404, 412(1st Cir. 1987); *Brown & Williamson*, 710 F.2d at 1180. The Court has adopted this requirement and therefore demands that the movant for a protective order show substantial personal or financial harm before the Court will seal any documents.

This Court operates as a public forum, not as a private dispute resolution service, *United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987). In deciding whether to allow civil litigants to file records under seal, this Court must consider "the rights of the public, an absent third party" to which the Court ultimately is accountable. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985).

Case No. 1:08-2791
Gwin, J.

### III. Analysis

In support of their motion for a protective order, the parties say that they "agree that good cause exists for the entry of a Protective Order to protect each party's confidential information." [Doc. 37 at 1.] Defendants anticipate having to disclose personnel files on employees that are not part to this lawsuit and also information on their business practices, such as their PROFIT System. [Doc. 37 at 1.]

Before infringing on the public's right to an open court system, this Court requires more than an agreement between the parties. The parties must make a specific showing that certain documents, or in rare cases, certain categories of documents are properly shielded from public view. With an appropriate showing, this Court will issue a confidentiality order. But here the parties have failed to carry their burden in the instant motion. *See Tinman*, 176 F. Supp. 2d at 745.

Of course, the Court does not bar the parties from freely entering into private confidentiality agreements with respect to disclosure of documents and information. Nor does the Court intend to prevent the Parties from moving to seal an individual document, provided they make the required particularized showing.

IT IS SO ORDERED.

Dated: March 10, 2009          s/     *James S. Gwin*
                               JAMES S. GWIN
                               UNITED   STATES   DISTRICT   JUDGE