UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
EUSEBIUS JACKSON :
:
on behalf of himself and all others : CASE NO. 1:08-CV-2791
similarly situated :
:
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 30-1.]
PAPA JOHN'S USA, INC., *et al.* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jackson moves this Court to (1) issue an order preventing Defendants Papa John's International and Papa John's USA ("Defendants") from communicating with potential opt-in plaintiffs and (2) approve a "corrective notice" to those potential opt-in plaintiffs that Defendants communicated with during the pre-conditional-certification period. [Doc. 30-1.] Defendants oppose. [Doc. 33-1.] In resolving this motion, this Court must decide what communications between a defendant and potential opt-in plaintiffs are appropriate in a collective action under the Fair Labor Standards Act ("FLSA") § 16(b), 29 U.S.C. § 216(b).

Because Plaintiff Jackson has failed to produce any evidence that the Defendants communications were coercive, misleading, or improper, this Court **DENIES** Plaintiff's motion for a protective order and **DENIES** the motion for a corrective notice.

Case No. 1:08-2791
Gwin, J.

### I. Background Facts and Procedure

On November 26, 2008, Plaintiff Jackson sued Defendants saying that Defendants improperly classified him as exempt from the FLSA overtime pay requirements. [Doc. 1-1.] Plaintiff Jackson worked as an Assistant Manager for Defendants and claims that his primary responsibility was to "make pizza" and not to manage. [Doc. 1-1 at 4.] Around one month later, Plaintiff Jackson moved this Court to conditionally certify a collective action consisting of other similarly-situated Assistant Managers working for Defendants. [Doc. 10-1.]

Before responding to Plaintiff's motion to conditionally certify the class, the Defendants interviewed six Assistant Managers to gather facts on the Plaintiff's claims.[1] The Defendants informed the Assistant Manager interviewees of the pending collective action and their rights to speak with an attorney or decline the interview. [Doc. 33-2, Ex. A.] The Defendants incorporated information from these interviews into its briefs opposing conditional certification. [*See* Doc. 23-13 to 23-20, Ex. 10-18.]

On February 13, 2009, this Court conditionally certified the Plaintiff's collective action. After certification, this Court then approved notice to the putative class members. [Doc. 36.] Plaintiff Jackson now asks the Court to order that Defendants refrain from any communication with putative opt in-in class members during the notice period and to issue a corrective notice to the six Assistant Manager interviewees.

### II. Protective Order

In *Hoffman-La Rouche v. Sperling*, 493, U.S. 165, 171 (1989), the Supreme Court noted the

---

[1] The six Assistant Manger interviewees are John Bell, Kevin Turman, Tony Battaglia, Kevin Cline, Luis Narez, and Patrick Gilespie. [Doc. 30-1 at 5.]

Case No. 1:08-2791
Gwin, J.

"wisdom and necessity for early judicial intervention in the management of litigation." When dealing with a collective action, a "trial court can better manage [the] action if it ascertains the contours of the action at the outset." *Id.* Additionally, "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." *Id.* at 172.

When the exercise of this discretion, however, involves an order limiting a defendant's ability to communication with putative opt-in class members, a court must take into account the defendant's First Amendment rights and the defendant's right to defend the limitation. *See Kerce v. West Telemarketing Corp.*, 575 F. Supp. 2d 1354, 1366-1367 (S.D. Ga. 2008). The Supreme Court has held, in a Rule 23 class action, that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights fo the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). The Court additionally noted the need for a "carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102.

This Court has approved of a communication to potential opt-in class members. Other communications from the Defendants during the pendency of the notice period may cause confusion or undermine the authority of the Court-approved communication. In a similar case in the Northern District, Judge Oliver issued a protective order preventing the defendant from communicating with putative opt-in class members for the pendency of the notice period. [Doc. 30-5 Ex. 4.]

But here Plaintiff Jackson has put forth no evidence suggesting a need to limit Defendants' communication with potential opt-in class members during this notice stage. The record before this

-3-

Case No. 1:08-2791
Gwin, J.

Court does not justify a protective order. This Court understands the importance of a neutral, court-sanctioned notice and approved such a notice. Because of the importance of this neutral, court-sanctioned notice, if the Plaintiff discovers any evidence of coercive, misleading, or improper communications, the Plaintiff should move this Court for a protective order. But the Plaintiff has produced no evidence of impropriety–the Plaintiff has not even produced evidence of any communication (let alone an improper communication) between the Defendants and potential opt-in class members after conditional certification. Because of the important interests weighing against a protective order, this Court holds that Plaintiff has not presented sufficient evidence to justify such an order.

### III. Corrective Notice

Plaintiff Jackson also asks this Court to authorize a "corrective" notice to the six Assistant Manager interviewees. Jackson says that the Defendants' interviewing of these putative opt-in class members was "a blatant attempt to undermine this collective action by squelching participation from these putative class members." [Doc. 30-1 at 4.] Responding, Defendants say that (1) they only interviewed the putative opt-in class members to gather facts in connection with efforts to defend this lawsuit and that (2) they fully apprised the six Assistant Managers of their rights. [Doc. 33-1 at 3.]

To warrant a Court approved corrective notice, Plaintiff Jackson, as the moving party, bears the burden of showing that the Defendants' communication was in some way coercive, misleading, or improper. In asking this Court for corrective notice, Plaintiff Jackson says that the "Defendants communication to the six putative class members was coercive in that it convinced them not to join the case before they were even advised by the Court of their right to do so." [Doc. 30-1 at 8.]

-4-

Case No. 1:08-2791
Gwin, J.

Plaintiff Jackson continues that the interviews "rise[] to the level of coerciveness given the relationship between Defendants and the putative class members, who are all currently affiliated with Defendants and related entities." [Doc. 30-1 at 8.]

This Court will not presume that Defendants' communication was coercive based solely on the fact that the six Assistant Managers worked for the Defendants. Defendants should and do have the right to gather facts on a plaintiff's claim through communication to putative opt-in class members if the communication is fair. A defendant's pre-conditional-certification investigation, if it is fair, benefits both the parties and a court. After communicating with putative opt-in class members to gather facts on the plaintiff's claim, a defendant may agree that conditional certification is warranted. Additionally, well-informed briefs will help lead a court to the correct decision on conditional certification, which, in turn, avoids the necessity for a corrective notice.

In short, Plaintiff Jackson seeks a corrective notice because Defendants communicated with their employees to investigate the Plaintiff's claims. This is not a sufficient showing to justify a corrective notice.

### IV. Conclusion

For the reasons stated above, this Court **DENIES** the Plaintiff's motion.

IT IS SO ORDERED.

Dated: March 10, 2009　　　　　　　　　　　s/ *James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE