UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                             :
EUSEBIUS JACKSON                             :
                                             :
on behalf of himself and all others          :      CASE NO. 1:08-CV-2791
similarly situated                           :
                                             :
       Plaintiffs,                           :
                                             :
vs.                                          :      OPINION & ORDER
                                             :      [Resolving Doc. No. 63-1]
PAPA JOHN'S USA, INC., *et al.*              :
                                             :
       Defendants.                           :
                                             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs filed this Fair Labor Standards Act ("FLSA") § 16(b), 29 U.S.C. § 216(b), action alleging that Defendants Papa John's USA, Inc. and Papa John's International, Inc. improperly classified their assistant managers are exempt from the FLSA overtime-pay requirements. Defendants move this Court for leave to amend their Answer to formally mention the particular overtime-pay exemption (the executive exemption) that they rely on. [Docs. 63-1, 63-2.] Because the amendment will not cause delay or prejudice, this Court **GRANTS** Defendants' motion.

**I. Background**

In their Answer, Defendants, as an affirmative defense, pleaded that

Subject to and without waiving any prior objection, answers or defenses, Plaintiff is an "exempt" employee under all applicable exemptions under the Fair Labor Standards Act, in that he met all the criteria for exemption and therefore was not

-1-

Case No. 1:08-2791
Gwin, J.

legally entitled to overtime compensation as requested in the Complaint.

[Doc. 7 at 8.] In their proposed Amended Answer, Defendants specifically mention the executive exemption:

> Subject to and without waiving any prior objection, answers or defenses, Plaintiff and all other opt-in plaintiffs are "exempt" employees under all applicable exemptions under the [FLSA]. Specifically, Plaintiff's claims and the claims of all other opt-in plaintiffs fail because they were exempt under the 'executive' exemption as set forth [in] 29 U.S.C. § 213(a)(1), in that they met all the criteria for the "executive" exemption and therefore were not legally entitled to overtime compensation or any other relief requested in the Complaint.

[Doc. 63-3 (emphasis added).]

Before this motion, the parties had focused their discovery and briefing on the executive exemption, 29 U.S.C. § 213. Plaintiffs, "as a professional courtesy[,] alerted Defendants to their failure to invoke the 'executive exemption' as an affirmative defense in their original Answer." [Doc. 65-1 at 1.]

Responding to this professional courtesy, Defendants sought leave to amend their Answer to specifically mention the executive exemption. Plaintiffs do not object to this amendment. [Doc. 65-1 at 1 ("Defendants cite their wish to assert the 'executive exemption' of the [FLSA] as the exclusive reason for their Motion to Amend. If this were true, Plaintiff would not oppose the Motion to Amend. Plaintiff has known from early on that the 'executive exemption' is at issue in this case.")]

Plaintiffs, nonetheless, oppose the motion saying that the amendment has the "much broader purpose" of raising a new defense "after the eleventh hour." [Doc. 65-1 at 1-2.] Plaintiffs note that "off the record" Defendants raised the possibility of invoking a second exemption, the combination exemption, at some future point. [Doc. 65-1 at 1, 4.]

Replying to Plaintiffs' arguments, Defendants have clarified the purpose of their motion for

Case No. 1:08-2791
Gwin, J.

leave to Amend in their Reply Brief saying that "the exclusive reason" for the amendment is to assert the executive exemption. [Doc. 66 at 1.] Defendants also note that, if "basis for [the combination exemption] argument were developed through discovery, Defendants would seek leave to amend their Answer accordingly." [Doc. 66 at 1.]

### II. Amendments to the Pleadings

Under Federal Rule of Civil Procedure 16(b) a district court "must issue a scheduling order" that "limit[s] the time to . . . amend the pleadings." FED. R. CIV. P. 16. "A schedule may be modified only for good cause and with the judge's consent." *Id.* Before a district court can grant leave to amend under Rule 16(b), the amending party must make the "good cause" showing. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under [Federal] Rule [of Civil Procedure] 15(a)."). The court should then determine the propriety of an amendment under Rule 15. *Id.*

Rule 15 "allows a party to amended its pleading after its initial amendment only by leave of the court, and 'leave shall be freely given when justice so requires.'" *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting FED. R. CIV. P. 15(a)). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

Here, the Defendants purpose of clarification is sufficient to justify the amendment. The Plaintiffs have not described any prejudice that they would suffer if this Court allows the amendment. Additionally, because the parties have focused on the executive exemption already, this amendment will not cause undue delay.

Case No. 1:08-2791
Gwin, J.

Accordingly, this Court **GRANTS** Defendants motion to Amend. Defendants may file the proposed Amended Answer attached as an exhibit to their motion for leave to amend. [Doc. 63-3, Ex. 1.]

IT IS SO ORDERED.


Dated: May 11, 2009            s/ *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE