**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EUSEBIUS JACKSON ) | CASE NO. 1:08-cv-02791 |
| on behalf of himself and all others ) | |
| similarly situated, ) | |
| ) | JUDGE JAMES S. GWIN |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| PAPA JOHN'S USA, INC. *et al.*, ) | |
| ) | **MEMORANDUM &ORDER** |
| Defendants. ) | |

This matter is before me for resolution of a discovery dispute pursuant to a referral. (Doc. # 73) Plaintiff, Eusebius Jackson ("Jackson") alleges, on behalf of himself and all others similarly situated, that defendants, Papa John's USA, Inc. and Papa John's International, Inc. ("Papa John's") improperly classified him and all other similarly situated assistant managers as exempt employees under the Fair Labor Standards Act ("FLSA"). (Doc. #1) On June 8, 2009, defendants filed a Notice of Discovery Dispute in which they informed the Court that the parties were unable to resolve a dispute concerning Jackson's refusal to answer Defendants' Second Set of Interrogatories Nos. 14 and 15. (Doc. # 72) Interrogatories Nos. 14 and 15 provide:

>        14. State the full name, current address, and telephone number of your current employer, the title of your current position, the name of your direct supervisor, and the name of all people who interviewed you for your current position;
>
>        15.  State all companies to which you have submitted employment applications between March 10, 2006 and present.

The matter was originally set for a telephone conference on June 10, 2009 at 9:30 a.m. but continued until June 11, 2009 so that I could review the letters submitted by the parties on the evening of June 9, 2009 and the morning of June 10, 2009.  (Doc. #s. 75, 76)[1]

Regarding the June 8, 2009 discovery dispute, Plaintiff argues that defendants do not have a strong interest in obtaining the information sought about prospective, former and current employers because liability in this case turns on plaintiffs' actual job duties and not on any representation made by plaintiffs regarding their job duties.   Plaintiff further argues that defendants have stated their intention to contact plaintiffs' former, present, and potential employers, and that this contact will threaten plaintiffs' current employment and handicap them from obtaining future employment.

Defendants argue that the information sought is relevant to their defense of plaintiffs' claims, is likely to lead to the discovery of admissible evidence, and is, therefore, properly discoverable.

---

[1] Also during the June 10, 2009 telephone conference, the parties informed me that Jackson was currently being deposed, and that a dispute had arisen regarding his refusal to answer certain questions. That matter was resolved as set forth in the Order entered June 10, 2009.  (Doc. # 78)

As expressed during the June 11, 2009 telephone conference, to the extent defendants intend to contact third parties[2]  plaintiffs have a legitimate concern that such contact could be harassing, have a disruptive effect on plaintiffs' present and future employment, and have a chilling effect on individuals bringing claims under the FLSA. Also, the critical issue in this case is the job duties plaintiffs actually performed for defendants, and not either side's description of the job duties.  While statements made by plaintiffs about their job duties in seeking employment may be relevant and admissible, this must be balanced against the legitimate concerns of plaintiffs described above.  Moreover, defendants should be able to obtain much of this information directly from the plaintiffs in accordance with the Orders set forth below. While there may be circumstances under which it may be appropriate for defendants to contact third parties regarding plaintiffs employment, it is not appropriate for the defendants to do so in every case.  Defendants may petition the Court for an order at a later date to seek permission for such contact. Any request should set forth the specific facts and circumstances justifying the contact, as well as the applicable legal standard.  Each request will be evaluated on a case by case basis.

The parties indicated that the Orders set forth below resolve the discovery dispute presented to the Court on June 8, 2009.

Accordingly, for the foregoing reasons, the Court enters the following Orders:

1) Plaintiff Eusebius Jackson shall respond to Defendants' Second Set of

---

[2] As used herein, the term third parties refers to any prospective, former, or current employer of Jackson or of any opt-in party plaintiff, and any person associated in any way with such prospective, former, or current employer.

Interrogatories Nos. 14 and 15;

2) To the extent requested, Jackson shall provide to defendants Papa John's copies of all job applications in his possession and all resumes that he submitted to any employer or potential employer between March 10, 2006 and the present. Jackson shall request form his present employer any job applications that are not in his possession and shall submit them to defendants. If Jackson is unable to obtain any job applications from his present employer, he shall provide to defendants a written explanation of his efforts to obtain the job applications;

3) All opt-in party plaintiffs shall respond to any discovery requests propounded by defendants that request the same information requested in Defendants' Second Set of Interrogatories Nos. 14 and 15;

4) To the extent requested, all opt-in party plaintiffs shall provide to defendants copies of all job applications in their possession and all resumes that they submitted to any employer or potential employer between the time they began employment with defendants and the present. All opt-in party plaintiffs shall request from their present employer any job applications that are not in their possession and shall submit them to defendants. If they are unable to obtain any job applications from their present employer, they shall provide to defendants a written explanation of their efforts to obtain the job applications;

5) Any opt-in party plaintiff deposed by defendants shall answer all questions asked regarding his/her past, present, or potential employment between the time he/she began employment with defendants and the present;

6) Defendants shall not contact any third parties regarding plaintiffs' former,

present, or potential employers without further order of Court.

7) If defendants wish to contact any third parties regarding plaintiffs' former, present or potential employers, plaintiff and defendants shall first attempt to resolve the matter themselves. It they are unable to do so, defendants may submit a written request to the Court setting forth the specific facts and circumstances justifying the contact, as well as the applicable legal standard. Each request will be examined on a case by case basis.

IT IS SO ORDERED.

                                                s/ Nancy A. Vecchiarelli
                                                NANCY A. VECCHIARELLI
                                                U.S. MAGISTRATE JUDGE

Date: June 17, 2009